IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-74,607-01 through 04






EX PARTE JUSTIN MARTIN BOYLES-GRAY, Applicant









ON APPLICATIONS FOR WRIT OF HABEAS CORPUS

CAUSE NOS. CR01425, CR01426, CR01427, and CR01428 IN THE 102nd
DISTRICT COURT

FROM RED RIVER COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation, aggravated assault with a deadly weapon, aggravated robbery, and aggravated kidnapping.
The Applicant was sentenced to, respectively, forty-five years', twenty years', forty-five years', and
forty-five years' imprisonment. He did not appeal his convictions.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
he failed to investigate and interview a witness named Reginald Hicks. Specifically, the Applicant
alleges that Mr. Hicks was prepared to recant his identification of the Applicant in these cases, the
prosecutor would not accept Mr. Hicks' recantation, and that counsel knowingly failed to investigate
this matter. The Applicant has included sworn affidavits, purportedly made by both Mr. Hicks and
Ms. Donna Boyles, in support of his claim. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court shall also provide the prosecutor with the
opportunity to respond to Applicant's claim. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial
attorney was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The
trial court shall also make any other findings of fact and conclusions of law that it deems relevant
and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 10, 2010

Do not publish